# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| **CAMPION MUGWENI #36274-177** | § | |
| v. | § | CIVIL ACTION NO. 5:08cv197 |
| **EDRIDGE MUGWENI** | § | |

## ORDER

The plaintiff Campion T. Mugweni ("Plaintiff") has filed an Application to Proceed *In Forma Pauperis*. The Court has considered the Appellant's application for leave to proceed *in forma pauperis*, the certified trust fund account statement or institutional equivalent, and all consents and other documents required by the agency having custody of the appellant to withdraw funds from the account. The Court has also considered Plaintiff's complaint.

A review of Plaintiff's Complaint raises the issue of whether the Court has subject matter jurisdiction over this matter. According to his complaint, Plaintiff is an individual residing at FCI Texarkana, in Texarkana, Texas, and Defendant Edridge Mugweni ("Defendant") is a business owner whose principal office is located in Dallas, Texas. Plaintiff alleged he and his brother invested $40,000 in January of 2007 with Caleb Portfolio, a company owned by Defendant. According to Plaintiff, the contract entered into between the parties guaranteed Plaintiff a 20% return on his investment and a return of his original principle. Plaintiff alleges Defendant was to required to pay Plaintiff by January of 2008, but Defendant has failed to do so. Plaintiff seeks $80,000 in damages.

The Court cannot say Plaintiff's claim invokes the federal question jurisdiction of the Court. The Court also questions whether there is diversity jurisdiction. For a plaintiff to invoke the diversity jurisdiction of the court, there must exist complete diversity between the parties and the plaintiff must allege facts that show that the amount in controversy exceeds $75,000.00, excluding

interest and costs. 28 U.S.C. § 1332(a). Not only does Plaintiff allege the parties are both citizens of Texas, thus defeating diversity, but Plaintiff also fails to allege *facts* that show that the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a). Bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction. *St. Paul Reinsurance Vo., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In sum, the Court questions whether Plaintiff has properly alleged complete diversity and the requisite amount in controversy for a diversity action. However, the Court is mindful of the fact that Plaintiff is not represented by counsel. Before the Court determines whether to grant Plaintiff's application to proceed *in forma pauperis*, the Court will allow Plaintiff additional time to clearly allege jurisdiction. Accordingly, it is

**ORDERED** that Plaintiff shall have twenty days from the date of entry of this Order in which to file a more detailed complaint. The amended complaint shall present a short and plain statement setting forth Plaintiff's claims, including the following:

1. A concise statement of each of the claims which Plaintiff wishes to raise, together with the facts giving rise to each of the claims, including the dates of occurrences of the events. Plaintiff is instructed that he must furnish specific facts, not merely conclusory allegations.

2. A statement showing how the named defendant is involved in the facts forming the basis of the lawsuit.

3. The harm which Plaintiff suffered as a result of the facts forming the basis of the lawsuit.

4. The specific relief sought by Plaintiff in this lawsuit. It is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby stayed until Plaintiff has filed an amended complaint in compliance with this Order. The Court will then consider Plaintiff's application to proceed *in forma pauperis*. It is further

**ORDERED** that failure by Plaintiff to file an amended complaint which complies with this Order may lead to a recommendation that this lawsuit be dismissed, with or without prejudice, for failure to prosecute or to obey any Order of the Court. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**SIGNED this 6th day of January, 2009.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE